UNITED STATES COURT OF APPEALS
**Filed 1/22/97**
TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

vs.

JOSEPH BRENT LOFTIS,

      Defendant-Appellant.

No. 95-5241
(D.C. No. 94-CR-39)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before SEYMOUR, Chief Judge, KELLY, and LUCERO, Circuit Judges.[**]

Faced with a four-count Third Superseding Indictment, Mr. Loftis pleaded guilty to committing bank fraud (count three), 18 U.S.C. § 1344(1), and making a false statement to a financial institution in connection with the extension of credit (count four), 18 U.S.C. §§ 2, 1014. Two counts charging interstate transportation of stolen property (counts one and two), 18 U.S.C. § 2314, were dismissed. He was sentenced to

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

imprisonment for eighteen months on each count to run concurrently, five years of supervised release, and restitution of $60,000. He now appeals the sentence. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

In calculating the sentence, the district court determined that the total loss was $272,745, IV R. 128. See USSG § 2F1.1. Of this amount, Mr. Loftis challenges the inclusion of $195,250, contending that this amount pertains to the dismissed counts, and is not properly considered relevant conduct, USSG § 1B1.3, because the losses not did not result from "the same course of conduct or common scheme or plan as the offense of conviction." USSG § 1B1.3(a)(2). He contends that the offenses in counts one and two, when compared to count three, are not "sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." Id. comment. (n.9(B)).

We review a district court's quantification of a loss under USSG § 2F1.1 under the clearly erroneous standard. 18 U.S.C. § 3742(e); United States v. Moore, 55 F.3d 1500, 1501 (10th Cir. 1995). Claims that the district court misapplied the guidelines by relying upon incorrect factors in determining a loss are reviewed de novo. 18 U.S.C. § 3742(e)(1) & (2); Moore, 55 F.3d at 1501. Here, the district court did not err in determining that the losses occasioned by the conduct in counts one and two were sufficiently related to the conduct in count three to warrant inclusion.

Count three resulted from Defendant's opening a checking account at an

Oklahoma bank by depositing a $955.21 check drawn on an Arkansas bank where he had closed his account. The check was credited to Oklahoma checking account and Mr. Loftis withdrew $600. II R. (PSR at 5). Counts one and two involved the same Oklahoma checking account, which was a conduit for the interstate transfer of funds received from fraudulent activity. Specifically, Mr. Loftis purchased three oil leases for $105,000, with a $10,000 lease draft, and then removed the tubing and valves from the wells. The proceeds from the salvage operation (which destroyed the wells, IV R. 98-99) were wired to his Oklahoma account. Mr. Loftis defaulted not only on the balance owed on the leases (to be paid from production, id. 98, 101), but also on the substantial obligations incurred in the salvage operation.

An obvious connection between count three and count one is the use of fraudulently obtained salvage proceeds wired into the Oklahoma account (count one) to cover the check written on the closed Arkansas account (count three). See United States v. Sheahan, 31 F.3d 595, 602 (8th Cir. 1994). Relevant conduct includes "all acts . . . in the course of attempting to avoid detection or responsibility for that offense." USSG § 1B1.3(a)(1). A nexus between all three counts is the use of the Oklahoma checking account to facilitate the fraudulent purchase and waste of the assets involved. Mr. Loftis prepared a $10,000 lease draft to be funded by the Oklahoma bank, subsequently opened the checking account with the bogus check, and then used the salvage proceeds to cover that check and fund the $10,000 lease payment. Although there was no actual loss in

connection with count three, the district court was completely justified in looking at the actual losses in counts one and two which were facilitated by Mr. Loftis's banking relationship.  See United States v. Sapp, 53 F.3d 1100, 1104 (10th Cir. 1995), cert. denied, 116 S. Ct. 796 (1996).

Moreover, as part of the plea agreement,  Mr. Loftis agreed that all funds derived from his activities alleged in the indictment were the result of fraud.  See II R. (PSR at 3). The counts in the indictment suggest a pattern of criminal conduct where the offenses are linked by temporal proximity and fraudulent behavior.  See United States v. Taylor, 97 F.3d 1360, 1364-65 (10th Cir. 1996) (citing United States v. Roederer, 11 F.3d 973 (10th Cir. 1993)).  Accordingly, the district court did not err in including the losses contested in this appeal.

AFFIRMED.  The mandate shall issue forthwith.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge